Pamela Y. DOMINICK, Plaintiff–
Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2009–5133.

United States Court of Appeals,
Federal Circuit.

Feb. 3, 2010.

Pamela Y. Dominick, of Dayton, Ohio, pro se.

Christopher L. Krafchek, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director.

Before LOURIE, CLEVENGER and RADER, Circuit Judges.

PER CURIAM.

Pamela Y. Dominick appeals from the final judgment of the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction. *Dominick v. United States,* No. 09–96C (July 21, 2009). We *affirm.*

I

Ms. Dominick was employed for 18 years by the Department of the Air Force at Wright–Patterson Air Force Base in Ohio before her termination on August 1, 1993, based on charges that she misused a government-issued credit card.

Ms. Dominick filed her complaint in the Court of Federal Claims on February 19, 2009, alleging that she had been terminated because of her race. The United States moved to dismiss the complaint for lack of jurisdiction, on the ground that exclusive jurisdiction over employment discrimination claims lies in the United States District Courts. The Court of Federal Claims afforded Ms. Dominick, proceeding *pro se,* opportunities to respond. Ms. Dominick did not respond to the motion to dismiss, instead asking for an opportunity to meet with the court. The court granted the motion to dismiss.

II

We review the dismissal of a case for lack of jurisdiction without deference to the trial court. *Sacco v. United States,* 452 F.3d 1305, 1308 (Fed.Cir.2006). The jurisdiction of the United States District Courts over employment race discrimination cases "create[s] an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Consequently, the Court of Federal Claims lacks jurisdiction to entertain a suit alleging such discrimination. The Court of Federal Claims correctly dismissed Ms. Dominick's complaint for lack of jurisdiction, and we therefore affirm its final judgment.

COSTS

No costs.